United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYAN DIMAS GUTIERREZ CABRERA,

Petitioner,

v.

FACILITY ADMINISTRATOR, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-08249 (EJD)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Bryan Dimas Gutierrez Cabrera is an immigration detainee proceeding with his third petition for a writ of habeas corpus before this Court, as well as a Motion for a Temporary Restraining Order. Dkt. Nos.1, 3. He entered the United States in November 2021, after which he was arrested by U.S. Immigration and Customs Enforcement ("ICE"), placed in removal proceedings, and then released on his own recognizance. *Cabrera v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04847 (EJD), 2026 WL 2554273, at *1 (E.D. Cal. Aug. 28, 2026). He was detained by ICE again in 2022 following a battery and domestic violence-related arrest, but then released again. *Id*. He was re-detained in early April 2026 following an arrest for aggravated battery, domestic violence, and robbery, among other charges. *Id*. All charges have allegedly since been dismissed. *See* Dkt. No. 1 at 5.

Petitioner previously filed a habeas petition arguing that his re-detention violated his right to due process under the Fifth Amendment. *See Cabrera v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04847 (EJD), Dkt. No. 1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he

receive a bond hearing at which the Government bore the burden of showing, by clear and convincing evidence, that Petitioner was either a danger to the community or a flight risk. *Cabrera*, 2026 WL 2554273, at *1.

Petitioner received a bond hearing on September 10, 2026. *See* Dkt. No. 10-1. At that hearing, an immigration judge ("IJ") denied Petitioner's request for release. Dkt. No. 9 at 0:19:23–0:19:29. In reaching this finding, the IJ considered his recent charges and criminal history as a whole, noting that in the "relatively short period of time that [he had] been in the United States, [he had] been arrested and charged initially with some very serious offenses. And that happened on more than one occasion." *Id.* at 0:19:37–0:20:00. She further explained that the case law allows her to consider arrests when assessing danger, rather than only convictions. *Id.* at 0:20:00–0:20:07. Finally, she noted that Petitioner had already been detained by ICE previously in 2022 for violating a condition of his parole, but was again arrested and charged with additional offenses following his 2022 release from immigration detention. *Id.* at 0:20:19–0:21:28. Given Petitioner's history of failing to abide by prior conditions of his release, and criminal history, the IJ found that Petitioner was both a danger to the community and an extreme flight risk. *Id.* at 0:21:55–0:22:12.

On October 6, 2026, Petitioner signed the petition now before the Court. *See* Dkt. No. 1 at 26. In this petition, he argues that the bond hearing he received did not cure the constitutional violation identified by this Court in its prior order because the IJ failed to consider the fact that Petitioner's recent arrest did not result in any conviction, as well as his familial ties to the United States. *See id.* at 22.

Respondents oppose relief, arguing first that the petition should be denied under the abuse of the writ doctrine. Dkt. No. 11 at 2. They further argue that Petitioner's continued detention is constitutional under 8 U.S.C. § 1226(a) and, to the extent he challenges the IJ's findings, he must first exhaust his administrative remedies. Dkt. No. 10 at 3–5. The Court rejects Respondents' arguments with respect to the abuse of the writ doctrine and exhaustion, but agrees that Petitioner is not entitled to relief on his constitutional claim at this time.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were

or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States District Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). However, the Government must first plead abuse of the writ "with clarity and particularity," at which point the burden then shifts to the petitioner to disprove abuse. *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991). Respondents have not met that burden here. Their opposition does not identify any claims in the present Petition which were previously decided. Indeed, it would have been impossible for Petitioner to have raised the claim he advances here as he challenges the bond hearing he received. This bond hearing had yet to occur at the time of filing his first petition.

The Court further rejects Respondents' exhaustion argument. Generally, if a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). Waiver is appropriate here given that "Petitioner is challenging the constitutional adequacy of the bond hearing and the bond redetermination hearing." *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr.*, No. 5:26-CV-04093-DTB, 2026 WL 2876062, at *7 (C.D. Cal. Sept. 24, 2026) (waiving exhaustion requirement where IJ failed to correctly apply the relevant legal standard to the facts in denying bond); *see also Vasquez v. Warden, California City Immigration Processing Ctr.*, No. 1:26-CV-04482-DJC-SCR, 2026 WL 2676859, at *3 (E.D. Cal. Sept. 11, 2026), *report and recommendation adopted sub nom. Santibanez Vasquez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04482 DJC SCR, 2026 WL 2793606 (E.D. Cal. Sept. 17, 2026) (waiving exhaustion requirement where petition presented constitutional challenge to IJ's bond determination); *Poot v. Mullin*, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *5 (C.D. Cal. Sept.

9, 2026) (waiving exhaustion requirement where petitioner presented constitutional challenge to IJ's flight risk determination). Where the Petition presents constitutional due process concerns, "the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026).

Having carefully reviewed and considered Petitioner's submissions and the digital audio recording of the recent bond hearing, the Court finds that no due process violation occurred. The habeas court's review of an IJ's bond decision is for abuse of discretion, and a court may only determine whether the IJ applied the correct legal standard, not reweigh evidence. *See Martinez v. Clark*, 124 F.4th 775, 779, 784–785 (9th Cir. 2024). IJ's may consider a number of factors when making bond determinations, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Here, the IJ considered Petitioner's evidence along with his criminal history and history of prior parole violations. From this, she concluded that release on bond was not proper. Though her order, which she provided orally, did not provide a robust explanation as to her reasoning, the questioning throughout the hearing indicates that she was applying the standard above, and the recording of the hearing amply supports a conclusion that Petitioner is a danger and flight risk. This is sufficient under the abuse of discretion standard.

Ultimately, Petitioner's disagreement is with how the IJ weighed the evidence, but this Court may not second guess the IJ's weighing of the evidence. *See Martinez*, 124 F.4th at 784. Complaints about the weight of specific pieces of evidence and the ultimate conclusion the IJ reached must be presented through the normal immigration appeal process. The IJ's decision denying bond was not an abuse of discretion, and there is no legal basis for the Court to find

Respondent failed to comply with the Court's prior order.

Accordingly, the petition for writ of habeas corpus is DENIED without prejudice. Petitioner's Motion for a Temporary Restraining Order is resolved as moot. The Clerk of Court is directed to close this case and enter judgment for Respondents. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 21, 2026

EDWARD J. DAVILA
United States District Judge